UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mamadou Samba TOUNKARA,<br><br>Petitioner,<br><br>v.<br><br>Jeremy CASEY, et al.,<br><br>Respondents. | Case No.:  26-cv-1306-AGS-DDL<br><br>**ORDER GRANTING IN PART MOTION FOR ATTORNEYS' FEES (ECF 8)** |

Petitioner seeks attorneys' fees under the Equal Access to Justice Act. The EAJA mandates that courts "award to a prevailing party" "fees and expenses incurred in a civil action brought by or against the United States, unless the government shows that its position was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Respondents filed no opposition. It is within the court's "discretion to determine that the government's lack of timely opposition is tantamount to a concession that its position in the litigation was not substantially justified." *Gwaduri v. I.N.S.*, 362 F.3d 1144, 1146 (9th Cir. 2004). The Court concludes that a fee award is appropriate.

Nonetheless, the Court finds that neither the requested total number of hours nor the requested rate are reasonable. Take the claimed time. Petitioner seeks fees for "72.0 hours," "consisting of 67.0 attorney hours and 5.0 legal-assistant hours." (ECF 8, at 15.) At first blush, this seems like an unusually high number of hours for a case in which the government conceded at the first opportunity (*see* ECF 5), and petitioner filed only three documents: the habeas petition (ECF 1), a related temporary-restraining-order motion (ECF 2), and the fee motion (ECF 8). After all, large swaths of the habeas petition and TRO motion are identical to—or nearly identical to—pleadings petitioner's counsel previously filed in this District. (*Compare* ECF 1 & 2 (habeas petition and TRO motion in this case); *with Mohamed v. LaRose*, No. 26-cv-0955-DMS, ECF 1 & 2 (petition and motion) *and Galan v. LaRose*, No. 26-cv-1042-DMS, ECF 1 & 2 (petition and motion).)

1

Lead counsel claims to have worked "5.0 hours" drafting the "habeas petition and supporting briefing regarding 8 U.S.C. §§ 1225 and 1226 and due-process violations" (ECF 8, at 18), though those legal arguments are nearly verbatim reproductions of the language from prior petitions filed by the same counsel. And the asserted work on the habeas petition did not end there. Counsel also seeks compensation for up to 18 additional hours related to the petition. (*See id*. at 18 ("2.0 hours" of lead attorney time spent drafting the "factual chronology, habeas claims, and requested relief" and developing "litigation strategy"); *id*. at 19 (5 more hours of claimed lead-attorney time reviewing and revising the habeas petition and other filings); *id*. at 20 (7 hours of associate-counsel time spent researching "habeas jurisdiction, detention authority under 8 U.S.C. §§ 1225 and 1226, and relevant Ninth Circuit authority," as well as "due-process claims and emergency injunctive relief standards"); *id*. (associate counsel's "2.0 hours" drafting "supporting legal argument sections, prepar[ing] supporting authorities, and assist[ing] with petition briefing"); *id*. at 21 (legal assistant's "2.0 hours" of "[f]iling support and organization of exhibits and supporting materials").)

Another troubling aspect of the fee petition is that the time entries smack of rough estimates—and high estimates, at that. Of the 26 listed tasks, 24 took exactly a whole number of hours (e.g., "5.0 hours," "3.0 hours," "6.0 hours," and so on), while the remaining two tasks took "4.5 hours" and "3.5 hours." (ECF 8, at 18–21.) Perhaps counsel's entire firm operates only in hour-long or half-hour-long increments. But, in light of all the circumstances, the Court is concerned that these entries reflect imprecise timekeeping.

In any event, the requested hours seem out of proportion to many other habeas-concession cases. *See, e.g.*, *Batista de Miranda v. LaRose*, No. 25-cv-3019-AGS-MSB, 2026 WL 1480797 (S.D. Cal. May 27, 2026) (finding "30 [hours] for all staff" "reasonable" because "the case was fully briefed prior to respondents' concession"); *cf. Cong v. Noem*, No. 25-cv-3730-GPC-DEB, 2026 WL 1075236, at *2 (S.D. Cal. Apr. 20, 2026) (awarding "13 [attorney] hours" and "13.5 [paralegal] hours" for a fully briefed, *non-conceded* habeas

2

petition). Of course, each fee request must be evaluated on its own facts. But nothing in counsel's fee petition explains why this case should have taken so much time. In fact, since counsel was retreading familiar legal ground, a court might be justified in concluding that the case should have taken less time than the average habeas concession. For all these reasons, the Court reduces the hours award to a total of 20 hours, divided as follows: (1) lead counsel, 12 hours; (2) associate counsel, 5 hours; and (3) legal assistant, 3 hours.

Turning to the requested rates, petitioner suggests two alternatives: the presumptive "$258.45" EAJA attorney rate or an "enhanced hourly rate[]" "based on the limited availability of qualified attorneys" for this "specialized immigration habeas matter." (ECF 8, at 16–17); *see also* Statutory Maximum Rates Under the EAJA, U.S. Courts for the Ninth Circuit, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited June 26, 2026). The enhanced rate is available only when a plaintiff shows that (1) "the attorney [] possess[ed] distinctive knowledge and skills developed through a practice specialty," (2) "those distinctive skills [were] needed in the litigation, and (3) "those skills [were not] available elsewhere at the statutory rate." *Love v. Reilly,* 924 F.2d 1492, 1499 (9th Cir.1991). Though lead counsel submitted a declaration to demonstrate specialized skill (*see* ECF 8-1, at 1), petitioner makes no showing as to the limited-availability prong. The enhanced-rate request fails without it. *See United States v. Real Property Known as 2224 Dolorosa Street*, 190 F.3d 977, 984–85 (9th Cir. 1999) (holding that, even "assuming" "expertise," an enhanced rate was not justified because the specific case did "not need[] specialized skills" and plaintiffs did "not demonstrate[] that no suitable counsel would have taken on [the] case at the statutory rate"). In short, petitioner has not met his burden to overcome the presumptive statutory cap.

Thus, the fee motion is **GRANTED** in part. The Court awards petitioner a total of **$4,543.65** in fees. That sum includes 17 attorney hours at a rate of $258.45 per hour, plus 3 legal-assistant hours at a rate of $50 per hour (*see* ECF 8-3, at 1). The pending motion hearing is vacated.

Dated:  June 29, 2026

Hon. Andrew G. Schopler
United States District Judge

26-cv-1306-AGS-DDL